CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

BENJAMIN F. FARKAS (CABN 308811)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7223
FAX: (415) 436-7234
Benjamin.farkas@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DERIC RUSSELL,<br>Defendant. | CASE NO. 3:26-cr-00414-JD<br><br>MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION<br><br>Date: August 26, 2026<br>Time: 11:00 a.m.<br>Court: Hon. Thomas S. Hixson |

## INTRODUCTION

In the early hours of July 7, 2026, SFPD officers found Deric Russell asleep in a car that was not registered to him, parked on the sidewalk. He had a handgun in a holster strapped to his chest loaded with sixteen rounds of ammunition. When they arrested him, officers found two cylindrical glass pipes and small amounts of substances that tested positive for methamphetamine and cocaine base in a Tru-Narc test. This occurred while Russell was on pre-trial release for a case involving possession of a stolen vehicle and two firearms. There is no condition or combination of conditions that can reasonably assure his appearance in court and the safety of the community. Therefore, this Court should order Russell detained pending trial.

## FACTUAL AND PROCEDURAL BACKGROUND

## I. Russell's Criminal History Before the Instant Offense

Russell, aged 61, has a long history of primarily narcotics-related arrests and convictions. He appears to have approximately ten felony convictions and has been sentenced to serve more than one year in prison at least six times. He also appears to have violated conditions of probation numerous times following his convictions. In 2014, he was convicted of possession of a firearm by a felon in violation of California Penal Code Section 29815(a).

On November 30, 2023, Russell was again arrested in possession of firearms. San Francisco Police Department officers saw Russell driving an SUV that had been reported stolen and arrested him. Officers found a bag in the SUV's trunk containing a shotgun with a sawn-off barrel, a handgun with a scratched-off serial number, and Russell's birth certificate. Russell was charged with multiple felonies in San Francisco Superior Court case number 23019654, and the case is still pending. As described in the Pretrial Services pre-bail report for this case, Russell was receiving outpatient treatment under the supervision of the San Francisco Pretrial Diversion Program when the incident charged in this case occurred.

## II. The Instant Offense

On July 7, 2026, officers encountered a Honda sedan with a hand-made, unofficial license plate illegally parked on the sidewalk of Minna Street in San Francisco, California. Russell was asleep in the driver's seat. The car was not registered to Russell, and Russell was unable to provide proof that he owned it in spite of his claim that he had purchased it recently. Russell also did not have a valid driver's license. Officers decided to have the car towed and asked Russell to gather his belongings and leave the car. As he was preparing to do so, an officer noticed what appeared to be a handgun in a holster strapped to Russell's chest. Officers then pulled Russell out of the car and recovered a Smith & Wesson handgun with a seventeen-round magazine from the holster. The magazine was loaded with sixteen rounds of ammunition.

Officers also found small amounts (less than one gram each) of what appeared to be methamphetamine and cocaine base, along with two small pipes. Tru-Narc testing of the suspected narcotics came back positive for methamphetamine and cocaine base.

In a Mirandized interview, Russell acknowledged that he knew he was a felon and not permitted to possess firearms, but he nonetheless possessed the handgun officers found. He also acknowledged that he had been in possession of narcotics, and stated he had last used cocaine on July 6, 2026.

**LEGAL STANDARD**

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of this person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk–the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id*.

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol use, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142 (g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The Rules of Evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in an offense, the weight of the evidence against the defendant, and other relevant factors. See, e.g., *United States v. Salerno*, 481 U.S. 739, 743 (1987).

**ARGUMENT**

**A. The Nature of the Charged Offense and Russell's History Demonstrate Risk of Flight**

Russell has a demonstrated history of disregarding his legal obligations. This is his third arrest for firearm possession while a felon; the first such arrest resulted in a conviction, and he was on pre-trial supervision for charges arising from the second arrest when this incident occurred. Russell's possession and apparent use of narcotics while under pre-trial supervision and receiving outpatient treatment also demonstrates his inability to comply with pre-trial release conditions. These circumstances demonstrate that Russell cannot be trusted to return to outpatient treatment as proposed by Pretrial Services; Russell's current arrest demonstrates that such services are not effective in getting Russell to comply with release conditions.

Moreover, Russell's failure to acknowledge his possession and use of drugs in his Pretrial Services interview casts doubt on his willingness to participate in further treatment now. Following his arrest on July 7 in possession of glass pipes and suspected methamphetamine and cocaine, Russell acknowledged that he had consumed crack cocaine the previous day. But the Pretrial report now indicates that Russell claims he previously used that substance "four or five years ago." This does not augur well for Russell's participation in ongoing drug treatment..

**B. The Nature and Circumstances of the Offense and Russell's Criminal History Demonstrate He is a Danger to the Community**

Under 18 U.S.C. § 3142(g)(1), the Court must take into account "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance [or] firearm." This incident involves both a loaded firearm and narcotics in circumstances that present significant risk to the community.

In this case, Russell possessed a handgun loaded with sixteen rounds of ammunition, strapped to his chest. He would have been ready to fire multiple rounds within seconds of perceiving a threat. This in itself presents a significant danger to the community, but it is exacerbated by Russell's possession of suspected narcotics and admitted use of crack cocaine; Russell likely possessed the handgun while under the influence of narcotics that have the potential to alter his decisionmaking and perception of reality.

Nor can release conditions reasonably mitigate the risk posed by Russell's conduct. Russell was already receiving outpatient drug treatment on pre-trial release when this incident occurred, following a 2023 arrest for being illegally in possession of firearms, and a 2014 conviction for being illegally in possession of a firearm. This history demonstrates that release conditions, in themselves, will not deter Russell from again illegally obtaining a firearm.

**CONCLUSION**

For the foregoing reasons, the Court should find that no condition or combination of conditions will reasonably assure Russell's further appearances in court or the safety of the community. Russell has had the opportunity, in state court, to demonstrate that he can abide by release conditions and participate in treatment, and the result was this charge: his possession of a loaded handgun along with narcotics and drug paraphernalia. Detention remains the only viable alternative.

DATED: August 26, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Benjamin F. Farkas*
BENJAMIN F. FARKAS
Special Assistant United States Attorney